UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANIEL MEEKS** | **CASE NO. 6:22-CV-06256** |
| **VERSUS** | **CHIEF JUDGE TERRY A. DOUGHTY** |
| **RICH TRANSPORT INC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a motion to remand filed by Plaintiff Daniel Meeks. (Rec. Doc. 7). Defendants oppose the motion. (Rec. Doc. 11). Plaintiff timely replied in support of the motion. (Rec. Doc. 13). Defendants filed a sur-reply. (Rec. Doc. 17). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the motion before the Court be DENIED.

## Factual Background

This suit arises from a motor vehicle accident on Interstate 10 at the Atchafalaya Spillway on October 26, 2021. (Rec. Doc. 1-1). Plaintiff, the driver of a Ford F-250 pickup truck, was hit from behind by an 18-wheeler driven by defendant Ted Sample ("Sample"). (*Id.*). The collision caused Plaintiff to hit the left guardrail before crossing both lanes and nearly hitting the right guardrail before colliding with the rear of another 18-wheeler. (*Id.* at ¶¶ 3-4). Plaintiff filed suit against Sample, Rich Transport, Inc. (as the owner of the truck driven by Sample), and Third Coast Insurance Company (as the insurer) in the 16th Judicial District Court for the Parish of St. Martin, Louisiana on October 26, 2022. (*Id.*, generally). Plaintiff's suit alleges the accident was caused solely by Sample's fault and seeks damages for past and future

pain and suffering, past and future mental anguish, medical expenses, loss of income and inconvenience. (*Id.* at ¶ 10).

Defendants Rich Transport, Inc., Ted Sample and Third Coast Insurance Co. ("Defendants") removed Plaintiff's suit to this court on December 30, 2022. (Rec. Doc. 1). Defendants alleged diversity jurisdiction as the basis for removal, claiming complete diversity among the parties and an amount in controversy exceeding $75,000, exclusive of costs and interest. (*Id.*). Plaintiff's instant motion for remand challenges removal jurisdiction based on the amount in controversy. (Rec. Doc. 7).

## **Applicable Standards**

Federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007). 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal citations omitted). Where, as here, another party opposes removal by contesting the amount in controversy, both sides must submit evidence as to the amount in controversy from which the court determines jurisdiction under 28 U.S.C. § 1332. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

## Analysis

The Court has reviewed Plaintiff's motion and the remaining record and finds the motion lacks candor. Plaintiff's suit alleges serious injury and resulting damages from what was no doubt a harrowing motor vehicle accident on an elevated highway and involving two 18-wheeler trucks. (Rec. Doc. 1-1). Plaintiff seeks recoupment of lost wages and medical expenses, as well as compensatory damages for injury, pain, suffering and mental anguish. (*Id.*).

Defendants' notice of removal and briefs opposing Plaintiff's instant motion reveal appropriate effort at determining the nature and extent of Plaintiff's claimed injury and damages. (Rec. Docs. 1, 11, 17). First, in November 2022, Defendants propounded discovery aimed at learning, *inter alia*, what injuries Plaintiff may have sustained in the accident, to what extent such injuries may have impacted Plaintiff's work and life, and the nature and extent of Plaintiff's medical treatment and incurred expenses. (Rec. Doc. 11-2). In December 2022, after receiving no response to their interrogatories and requests for production, Defendants forwarded to Plaintiff's counsel a request for stipulation to damages below $75,000. (Rec. Doc. 11-4). Defendants assert that, to date, no response has been received as to either communication. (Rec. Doc. 17).

Plaintiff's motion alleges improper removal based on the amount in controversy. (Rec. Doc. 7). Plaintiff asserts Defendants' notice of removal failed to establish the amount in controversy by a preponderance of the evidence. (*Id.*). In so arguing, Plaintiff erroneously allocates a burden to Defendants that they do not bear at the time of removal. As explained by the United States Supreme Court in *Dart*, *supra*, a defendant's notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the

3

plaintiff contests, or the court questions, the defendant's allegation." Drawing upon the House Judiciary Committee's Report on the Jurisdiction and Venue Clarification Act of 2011, the Court determined that the proper procedure for clarifying a contested amount in controversy is for the parties to submit evidence of the amount in controversy upon which the court may make a jurisdictional fact finding according to the preponderance standard. *Dart*, 574 U.S. at 88-89.

Plaintiff's motion for remand is insufficient under the *Dart* standard, as it fails to offer any evidence of the amount in controversy. Defendants' notice of removal cited Plaintiff's own petition and alleged the value of such claims may reasonably be expected to exceed $75,000. (Rec. Doc. 1 at pp. 2-4). As explained above, the multi-vehicle accident involving two 18-wheelers is alleged to have resulted in injuries and resulting damages to Plaintiff. (Rec. Doc. 1-1). In this Court's view Plaintiff's complaint provides a reasonable basis on its face for claims exceeding $75,000. Defendants' notice also pointed out Plaintiffs' refusal to stipulate to damages below $75,000. (*Id.*). Although a plaintiff's refusal to enter into such a stipulation on the amount in controversy may not, alone, justify removal, it is a relevant factor for the court's consideration in discerning the amount in controversy. *Johnson v. Dillard Department Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993). Similarly, Plaintiff's refusal to engage in discovery from which Defendants may learn of the nature and scope of his claimed injuries and damages is not, alone, sufficient to justify removal, but this Court finds such conduct relevant in our analysis, particularly when, as here, Plaintiff seeks to remand a suit on the basis that Defendants failed to provide the very information withheld by Plaintiff.

Here, this Court finds Defendants appropriately alleged that Plaintiff's claims met the amount in controversy requirement for diversity jurisdiction under § 1332. Plaintiff's challenge to Defendant's assertion of jurisdiction is unsupported and, in this Court's view, an abuse of

4

motion practice that has likely added unjustified expense to this litigation. For these reasons, this Court will recommend that Plaintiff's motion for remand be denied.

## Conclusion

For the reasons discussed herein, the Court recommends Plaintiff's motion for remand (Rec. Doc. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 18th day of April, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**